IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON MORSE,** | : CIVIL ACTION NO. 1:24-CV-1468 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **DR. LAUREL R. HARRY**, *et al.*, | : |
| **Defendants** | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Brandon Morse, alleges that the conditions of his confinement in Frackville State Correctional Institution ("SCI-Frackville") violate the Eighth Amendment. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it for failure to state a claim upon which relief may be granted. Morse will be granted leave to file an amended complaint.

**I.     Factual Background & Procedural History**

According to Morse's complaint, he was transferred to SCI-Frackville in May 2024. (Doc. 1-1 ¶ 9). Upon arriving in the prison, he was placed in administrative custody for 24 hours, where he shared a cell with another inmate.[1] (Id. ¶ 10). The cell was purportedly too small for two inmates. (Id.) The complaint alleges that Morse's cell in this housing unit did not have any hooks, shelves, or closets for him

---

[1] The complaint asserts that Morse was placed in solitary confinement, but his allegation that he was placed in a cell with a cellmate contradicts this assertion.

to store his clothes. (Id. ¶ 12). The complaint further asserts that there was no ventilation or "media stimulation" in the housing unit. (Id.)

After 24 hours in the cell, Morse was purportedly transferred to general population. (Id. ¶ 13). The complaint avers that the size of his cell in general population is "inadequate," that there is no air ventilation or windows on cell doors, that the water is unsafe to drink, that "there are bunk beds with no ladders exposing prisoners to serious harm," and that there is a "rat and roach infestation" in the prison's kitchen. (Id. ¶ 14). Morse attaches two news articles to his complaint to substantiate his allegations that the water in SCI-Frackville is unsafe to drink. The first article appears to be an opinion piece from October 15, 2017, asserting that the condition of the water in SCI-Frackville was unsafe in 2017. (See Doc. 1-2). The second article is a news report from March 2024 indicating that the town of Frackville began water treatment upgrades in early 2024 to mitigate the presence of iron, manganese, and PFAs (colloquially referred to in the article as "forever chemicals") in the town's water supply. (See Doc. 1-3). The complaint asserts that the conditions of Morse's confinement violate the Eighth Amendment. (Doc. 1-1 at 3). The named defendants are Laurel Harry, the secretary of the Pennsylvania Department of Corrections; Chris Oppman, the DOC's deputy of administration; and Kathy Brittain, the superintendent of SCI-Frackville. (Id. at 1-2). Morse seeks damages, injunctive relief, and declaratory relief. (Id. at 3).

## II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Morse brings his federal constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights,

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a civil rights claim upon which relief may be granted, a plaintiff must allege the defendant's personal involvement. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id.

The gravamen of Morse's constitutional claims is that the conditions of his confinement violate the Eighth Amendment. To state an Eighth Amendment conditions of confinement claim, plaintiffs must allege (1) that they were subjected to an objectively, sufficiently serious deprivation that resulted in the denial of minimal civilized measures of life's necessities and (2) that defendant prison officials were deliberately indifferent to inmate health or safety. Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." Id. (quoting Farmer, 511 U.S. at 837). An evaluation of the context of the claim is necessary. "Some conditions of

4

confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone. . . ." Id. at 304.

Having reviewed Morse's complaint, the court finds that it fails to state a claim upon which relief may be granted.  Beginning with the allegation that water in SCI-Frackville is unsafe to drink, the court finds that Morse has not sufficiently alleged that the condition of the water posed a substantial risk of serious harm to him.  Morse's allegation is based on a March 2024 news article stating that the town of Frackville has begun mitigation efforts to combat the presence of manganese, iron, and forever chemicals in its water supply, but it is not clear from that article or the allegations in the complaint that SCI-Frackville draws its water from the town's water supply or that the presence of these chemicals poses a direct threat to the health of Morse or other inmates.[4]  (See Doc. 1-3 at 5 (stating that "[t]he effect of exposure" to forever chemicals "and their links to cancer is still being researched").  Even assuming that SCI-Frackville draws water from the town's water supply and that the presence of these chemicals poses a risk of harm, there is no allegation that the defendants were deliberately indifferent to the risk.  The article states that the town has begun mitigation efforts to remove or reduce the chemicals in the water, and it is not clear from the complaint what additional steps, if any, defendants should have taken beyond relying on the town's mitigation efforts.

---

[4] The other news article Morse attaches to his complaint is irrelevant.  The article only addresses the conditions of the water in SCI-Frackville in 2017, approximately seven years before Morse was transferred to the prison.  (See Doc. 1-2).  There is no basis to infer that the condition of water in the prison in 2017 remained the same in 2024.

5

Morse's allegation that SCI-Frackville's kitchen is infested with rats and cockroaches fails to state a claim because Morse fails to allege defendants' personal involvement. There is no allegation that the defendants—the superintendent of the prison and two senior officials of the DOC—knew about the alleged infestation. Defendants cannot be held liable for the alleged violation of Morse's rights solely because they held supervisory roles in the prison or the DOC. Rode, 845 F.2d at 1207.

Morse's remaining allegations—the lack of storage space and "media stimulation" for a period of 24 hours, a cell that is "inadequate" in size, insufficient ventilation, no windows on cell doors, and bunk beds without ladders—are nothing more than trivial annoyances that do not violate the Eighth Amendment. See Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2022) ("The benchmark for alleging [an Eighth Amendment conditions of confinement claim] is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" (quoting Farmer, 511 U.S. at 834)). Moreover, even if the conditions were sufficient to state an Eighth Amendment claim, Morse has not alleged that the defendants were aware of the conditions or otherwise personally involved in the alleged civil rights violations.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will grant Morse leave to amend his complaint because his claims are factually, rather than legally, deficient.

**IV.     Conclusion**

We will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  Morse will be granted leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 27, 2024