IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON MORSE,** | : CIVIL ACTION NO. 1:24-CV-1468 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **DR. LAUREL R. HARRY**, *et al.*, | : |
| **Defendants** | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Brandon Morse, alleges that the conditions of his confinement in Frackville State Correctional Institution ("SCI-Frackville") violate the Eighth Amendment. The case is before the court on plaintiff's amended complaint. We have screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it without further leave to amend for failure to state a claim upon which relief may be granted.

I.   **Factual Background & Procedural History**

Morse filed his original complaint on August 29, 2024, alleging that the conditions of his confinement violate the Eighth Amendment. (Doc. 1). The original complaint alleged that water in the prison is unsafe to drink, that the kitchen in the prison is infested with rats and cockroaches, and that Morse must endure several other adverse conditions of confinement, including a lack of storage space and "media stimulation," a cell that is too small, insufficient ventilation, no windows on cell doors, and bunk beds without ladders. (Id.) On September 27,

2024, the court dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and granted Morse leave to file an amended complaint. (Docs. 7-8). Morse timely filed an amended complaint on October 15, 2024. (Doc. 9).

According to the amended complaint, Morse was transferred to SCI-Frackville in May 2024. (Doc. 9 ¶ 8). Upon arriving, he was placed in administrative custody for 24 hours, where he shared a cell with another inmate.[1] (Id. ¶ 9). The cell was purportedly too small for two inmates. (Id.) The amended complaint alleges that Morse's cell did not have any hooks, shelves, or closets for him to store his clothes. (Id. ¶ 12). The amended complaint further asserts that there was no ventilation or "media stimulation" in the housing unit. (Id.)

After 24 hours in the cell, Morse was purportedly transferred to general population. (Id. ¶ 13). The amended complaint avers that the size of his cell in general population is "smaller than the constitutional minimum," that there is no air ventilation or windows on cell doors, that the water is unsafe to drink, that "there are no ladders on bunk beds exposing prisoners to serious harm," and that there is a "rat and roach infestation" in the prison's kitchen. (Id. ¶ 11).

The amended complaint asserts that the conditions of Morse's confinement violate the Eighth Amendment. (Doc. 9 ¶ 17). The named defendants are Laurel Harry, the secretary of the Pennsylvania Department of Corrections; Chris

---

[1] The amended complaint asserts that Morse was placed in solitary confinement, but his allegation that he had a cellmate contradicts this assertion.

Oppman, the DOC's deputy of administration; Kathy Brittain, the superintendent of SCI-Frackville; and the kitchen supervisor in the prison, who is identified as a John Doe defendant. (Id. ¶¶ 4-7. Morse seeks damages, injunctive relief, and declaratory relief. (Id. ¶¶ 17-25).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   **Discussion**

Morse brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a civil rights claim upon which relief may be granted, a plaintiff must allege the defendant's personal involvement.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence.  Id.

The gravamen of Morse's constitutional claims is that the conditions of his confinement violate the Eighth Amendment.  To state an Eighth Amendment conditions of confinement claim, plaintiffs must allege (1) that they were subjected

4

to an objectively, sufficiently serious deprivation that resulted in the denial of minimal civilized measures of life's necessities and (2) that defendant prison officials were deliberately indifferent to inmate health or safety. Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  The defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." Id. (quoting Farmer, 511 U.S. at 837). An evaluation of the context of the claim is necessary. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone. . . ." Id. at 304.

Having reviewed Morse's amended complaint, the court finds that it fails to state a claim upon which relief may be granted. Morse has not cured the pleading defects that were present in his original complaint. The amended complaint makes the exact same factual allegations as the original complaint, with only minor and superficial changes to wording and punctuation. We will dismiss the amended complaint for the same reasons we dismissed the original complaint.

Beginning with the allegation that water in SCI-Frackville is unsafe to drink, the court finds that Morse has not sufficiently alleged that the condition of the water posed a substantial risk of serious harm to him. Morse's allegation is based on a March 2024 news article stating that the town of Frackville has begun mitigation

5

efforts to combat the presence of manganese, iron, and PFAs in its water supply,[4] but it is not clear from that article or the allegations in the complaint that SCI-Frackville draws its water from the town's water supply or that the presence of these chemicals poses a direct threat to the health of Morse or other inmates. (See Doc. 1-3 at 5 (stating that "[t]he effect of exposure" to PFAs "and their links to cancer is still being researched")). Even assuming that SCI-Frackville draws water from the town's water supply and that the presence of these chemicals poses a risk of harm, there is no allegation that the defendants were deliberately indifferent to the risk. The article states that the town has begun mitigation efforts to remove or reduce the chemicals in the water, and it is not clear from the complaint what additional steps, if any, defendants should have taken beyond relying on the town's mitigation efforts.

Morse's allegation that the kitchen is infested with rats and cockroaches fails to state a claim because he fails to allege defendants' personal involvement. There is no allegation that the defendants knew about the alleged infestation. Defendants cannot be held liable for the alleged constitutional violation solely because they held supervisory roles in the prison or the DOC. Rode, 845 F.2d at 1207.

---

[4] Morse has not attached this article to his amended complaint but given that the amended complaint is otherwise completely devoid of allegations in support of this claim, we liberally construe the amended complaint as being based on the article to the same extent the original complaint was. The other news article Morse attached to his original complaint, as we noted in our previous opinion, is irrelevant. The article only addresses the conditions of the water in SCI-Frackville in 2017, approximately seven years before Morse was transferred to the prison. (See Doc. 1-2). There is no basis to infer that the condition of water in the prison in 2017 remained the same in 2024.

Morse's remaining allegations—the lack of storage space and "media stimulation" for a period of 24 hours, a cell that is inadequate in size, insufficient ventilation, no windows on cell doors, and bunk beds without ladders—are nothing more than trivial annoyances that do not violate the Eighth Amendment. See Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2022) ("The benchmark for alleging [an Eighth Amendment conditions of confinement claim] is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" (quoting Farmer, 511 U.S. at 834)).  Moreover, even if the conditions were sufficient to state an Eighth Amendment claim, Morse has not alleged that the defendants were aware of the conditions or otherwise personally involved in the alleged civil rights violations.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We will deny leave to amend as futile.  Morse has had multiple opportunities to state a claim and has failed to do so.

### IV.    Conclusion

We will dismiss the complaint without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 28, 2024